JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

JOHN CHAPMAN

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mary Kramer; Murphy Law Group, LLC; 1628 John F. Kennedy Blvd., Ste. 2000, Philadelphia, PA 19103; (267) 273-1054

**DEFENDANTS**

OPS SECURITY GROUP

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Stevens & Lee

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
42 U.S.C. § 12101 and 29 U.S.C. § 621

Brief description of cause:
DISCRIMINATION, RETALIATION, AND FAILURE TO ACCOMMODATE and AGE DISCRIMINATION

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

DATE: May 25, 2023

SIGNATURE OF ATTORNEY OF RECORD: /s/ Mary Kramer

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

# DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 116 Penny Pack Circle, Hatboro, PA 19040

Address of Defendant: 2424 E York Street, Philadelphia, PA 19125

Place of Accident, Incident or Transaction: 39 Easton Rd, Hatboro, PA 19040

***RELATED CASE, IF ANY:***

Case Number: ______________ Judge: ______________ Date Terminated: ______________

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/25/2023 Mary Kramer Digitally signed by: Mary Kramer DN: CN = Mary Kramer email = mkramer@phillyemploymentlawyer.com C = US O = Murphy Law Group, LLC Date: 2023.05.25 15:44:23 -04'00' Must sign here 324078

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify):* ______________

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* ______________
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* ______________

## ARBITRATION CERTIFICATION

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Mary Kramer, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 05/25/2023 Mary Kramer Digitally signed by: Mary Kramer DN: CN = Mary Kramer email = mkramer@phillyemploymentlawyer.com C = US O = Murphy Law Group, LLC Date: 2023.05.25 15:44:33 -04'00' Sign here if applicable 324078

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN CHAPMAN<br>116 Penny Pack Circle<br>Hatboro, PA 19040<br><br>Plaintiff,<br><br>v.<br><br>OPS SECURITY GROUP<br>1500 S. Christopher Columbus Blvd.<br>Suite 6, Second Floor<br>Philadelphia, PA 19147<br><br>Defendant. | CIVIL ACTION NO. ________________<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT – CIVIL ACTION**

Plaintiff, John Chapman ("Plaintiff"), by and through his undersigned attorney, for his Complaint against Defendant, OPS Security Group ("Defendant"), alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this Complaint contending that Defendant discriminated against him and ultimately terminated his employment in violation of the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12101, *et seq*., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*[1]

**PARTIES**

2. Plaintiff is a citizen of the United States and Pennsylvania and currently maintains a residence at 116 Penny Pack Circle, Hatboro, PA 19040.

[1] Plaintiff intends to amend his Complaint to include counts under the Pennsylvania Human Relations Act (the "PHRA"), 43 Pa. C.S.A. § 951, *et seq.*, once his claims have been administratively exhausted with the Pennsylvania Human Relations Commission, which will occur in October 2023. Plaintiff's claims under the PHRA would mirror Plaintiff's ADA and ADEA claims discussed herein.

3. Defendant is a for-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with an office address registered with the Pennsylvania Department of State of 2424 E York Street, Philadelphia, PA 19125.

**JURISDICTION AND VENUE**

4. On or about October 3, 2022, Plaintiff filed a Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission (the "EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission (the "PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e).

5. Plaintiff's EEOC Charge was docketed as Charge No. 530-2023-00058 and was filed within one hundred and eighty (180) days of the unlawful employment practice alleged herein.

6. By correspondence dated March 29, 2023, Plaintiff received a Notice of Right to Sue from the EEOC, advising Plaintiff had ninety (90) days to file suit against Defendant.

7. Plaintiff filed the instant action within the statutory time frame applicable to his claims.

8. This action is authorized and instituted pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*., and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*

9. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1331 and 1343 as it is a civil rights action arising under the laws of the United States.

10. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in this judicial district.

## FACTUAL BACKGROUND

11. Paragraphs 1 through 10 are hereby incorporated by reference as though the same were fully set forth at length herein.

12. Plaintiff was born on October 6, 1951, and is currently seventy-one (71) years old.

13. Plaintiff first began his employment with Defendant on or around May 7, 2020, when Plaintiff was hired into the position of Site Supervisor and Civilian Defender for the Horsham, Pennsylvania Air Guard Base.

14. Over the course of Plaintiff's tenure with Defendant, Plaintiff received positive performance evaluations, occasional praise for his work, and no discipline.

15. As Site Supervisor and Civilian Defender, Plaintiff's job duties included surveillance; as well as scheduling and payroll for Defendant; keeping supervisors informed of ammunition requirements, equipment requirements, and vehicle maintenance issues; participating in training requirements; and serving as a liaison between the contractor company and the military, as well as civilian organizations on board the installation.

16. In 2022, Defendant had a contracted number of billable hours, which was 442 hours per week.

17. Throughout the beginning of 2022, Plaintiff repeatedly informed his immediate supervisor, Xavier Collins ("Mr. Collins"), that he needed more manpower so that Defendant could hit the contracted number of billable hours.

18. On or around March 14, 2022, Defendant hired three (3) new employees, one of whom was a man named Alvaro Ramos ("Mr. Ramos").

19. Upon information and belief, Mr. Ramos is in his 30s, which is significantly younger than Plaintiff.

20. Shortly thereafter, in or around March 2022, Mr. Ramos sent Plaintiff a text message to notify him of Defendant's physical fitness test that all employees were required to take. The test was scheduled for April 29, 2022, and consisted of thirty (30) pushups, thirty-two sit ups, and a timed hundred (100) meter walk or run.

21. Prior to working for Defendant, Plaintiff served multiple tours of duty with the United States Air Force.

22. As a result of his time serving with the United States Air Force, Plaintiff now lives with a number of life-long injuries, including diagnoses of axial disc protrusions and radiculopathy.

23. Axial disc protrusions and radiculopathy are disabilities within the meaning of the ADA.

24. On or around March 21, 2022, Plaintiff spoke with his doctor about the physical fitness test and Plaintiff's doctor opined that Plaintiff was unable to participate in the pushup and sit up stages of the fitness test because of his disabilities.

25. Plaintiff provided Mr. Ramos with a note from his doctor on or around March 21, 2022, which stated Plaintiff was unable to participate in the pushup and sit up stages of the fitness test due to his disabilities.

26. Plaintiff was on a short leave of absence from April 12, 2022 through April 19, 2022, due to an upper respiratory infection.

27. When Plaintiff returned to work on or around April 20, 2022, he learned that Mr. Ramos had been acting as the Site Supervisor and Civilian Defender for the Horsham, Pennsylvania Air Guard Base during Plaintiff's absence.

28. When Plaintiff asked Mr. Collins who the Officer in Charge ("OIC") would be moving forward, Plaintiff or Mr. Ramos, Mr. Collins said it would be Mr. Ramos. Before his leave of absence, Plaintiff was the OIC at the Horsham, Pennsylvania Air Guard Base.

29. Upon information and belief, Mr. Ramos is in his 30s and has no physical disabilities.

30. On or around April 29, 2022, Plaintiff was contacted by one of Defendant's Human Resource Representatives and told that upon review of the doctor's note Plaintiff submitted to Mr. Ramos in March 2022, Defendant decided Plaintiff needed to submit a new note that clarified whether Plaintiff could work full duty or if he needed to be placed on light duty.

31. Plaintiff provided the HR Representative and Mr. Ramos with another note, on or around May 5, 2022 and May 6, 2022, respectively, which stated that Plaintiff could work full-duty but was unable to participate in the pushup and sit up stages of the fitness test due to his disabilities.

32. On or about May 6, 2022, approximately six (6) hours after Plaintiff sent his doctor's note to Mr. Ramos, Plaintiff was terminated from his position with Defendant.

33. Upon information and belief, after Plaintiff's termination, Mr. Ramos assumed responsibility for all of Plaintiff's job duties.

34. Based on the aforementioned, Plaintiff believes and therefore avers that Defendant discriminated against him and ultimately terminated his employment because of his age (at the time, 70) in violation of the ADEA.

35. At the time of Plaintiff's discharge, Defendant had a continuing need for the job duties and responsibilities previously performed by Plaintiff

36. It is further believed, and therefore averred, that Defendant terminated Plaintiff from employment on account of his actual and/or perceived disabilities, for his past record of impairment, because Defendant regarded him as being disabled, and in retaliation for Plaintiff's request(s) to be reasonably accommodated in connection thereto, in violation of the ADA.

37. Additionally, it is believed, and therefore averred, that Defendant failed to engage in the interactive process with Plaintiff to determine a reasonable accommodation, in violation of the ADA.

38. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, health and/or retirement benefits, loss of potential benefits, and other economic damages.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101, *et seq.***
**DISCRIMINATION, RETALIATION, AND FAILURE TO ACCOMMODATE**

39. Paragraphs 1 through 38 are hereby incorporated by reference at though the same were fully set forth at length herein.

40. At all times relevant hereto, Plaintiff was an employee of Defendant within the meaning of the Americans with Disabilities Act.

41. At all times relevant hereto, Defendant employed at least fifteen (15) employees.

42. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

43. Defendant was aware of Plaintiff's disability, record of impairment, and/or regarded Plaintiff as being disabled within the meaning of the ADA.

44. Plaintiff requested a reasonable accommodation in connection with his disabilities.

45. Defendant failed to accommodate Plaintiff's reasonable request for an accommodation related to his disabilities.

46. Upon information and belief, Defendant retaliated against Plaintiff for his requests for a reasonable accommodation in connection with his disabilities.

47. Upon information and belief, Plaintiff has since been replaced by or had his job duties reassigned to a non-disabled individual.

48. By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by discharging Plaintiff because of his disability, his record of disability/impairment, because it regarded him as being disabled within the meaning of the ADA, and/or in retaliation for requesting a reasonable accommodation for his disability.

49. As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings, earnings potential, raises, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000);

B. Monetary compensation for the amounts expended by Plaintiff on health insurance premiums;

C. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

D. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

E. Pre-judgment interest in an appropriate amount; and

F. Such other and further relief as is just and equitable under the circumstances.

**COUNT II**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**
**29 U.S.C. 621, *et seq.***
**AGE DISCRIMINATION**

50. Paragraphs 1 through 49 are hereby incorporated by reference as though the same were fully set forth at length herein.

51. Defendant violated the ADEA by unlawfully discriminating against Plaintiff on account of his age, being seventy (70) at the time of the unlawful discrimination, and thus a member of a protected class under the ADEA.

52. Defendant took an adverse employment action against Plaintiff when it terminated his position.

53. At all times material hereto, Plaintiff was qualified for his position with Defendant.

54. Plaintiff was replaced by another employee, Alvaro Ramos, who was sufficiently younger than him, supporting an inference of discriminatory animus.

55. Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, in that Defendant unlawfully and illegally discriminated against and terminated Plaintiff on the basis of his age, seventy (70), and on the basis of him being over forty (40) years old.

56. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

57. Because of Defendant's unlawful acts, Plaintiff suffered damage in the form of, *inter alia*, loss of past and future wages and compensation, loss of reputation and standing in the professional community, personal humiliation, embarrassment, and loss of life's enjoyment.

58. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, and loss of other significant economic benefits.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, loss of health and retirement benefits, raises, and bonuses in an amount to be determined at trial, but no less than One Hundred and Fifty Thousand Dollars ($150,000.00);

B. Liquidated damages;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: /s/ *Mary Kramer*
Mary Kramer, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
mkramer@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Dated: May 25, 2023

**DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and his claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.